UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLARD LEE ACKLIN, #22061-056,

Petitioner,

v.

CIVIL ACTION No. 2:17-cv-639

WARDEN, FCI PETERSBURG LOW,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willard Lee Acklin ("Acklin") is currently serving a 262-month term of imprisonment pursuant to judgment entered following a 2002 jury verdict rendered in the United States District Court for the Eastern District of North Carolina. After unsuccessfully seeking relief on direct appeal and collateral attack, Acklin filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He asks this court to vacate his sentence and resentence him without the enhancement under the Armed Career Criminal Act. Respondent filed a Motion to Dismiss (ECF No. 14) and included the notice to pro se plaintiffs required under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Respondent argues that Acklin's claims are not cognizable under § 2241 and that this court therefore lacks jurisdiction to review them. As explained below, the undersigned recommends that the court dismiss the petition.

### I. Statement of the Case

In 2002, a jury in the United States District Court for the Eastern District of North Carolina convicted Acklin on two counts: unlawful possession of a weapon by a felon, and unlawful possession of ammunition by a felon. Before sentencing, the court determined that Acklin had three prior state convictions for felonious breaking and entering, felonious first-

1

degree burglary, and common law burglary. The court therefore enhanced his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), imposing 262 months of imprisonment. See Pet. 3, 8 (ECF No. 1 at 3, 8).

Acklin pursued a direct appeal in the United States Court of Appeals for the Fourth Circuit, which the court denied on August 1, 2003. United States v. Acklin, 72 F. App'x 26 (4th Cir. 2003) (unpublished Per curiam opinion). Acklin then sought relief under 28 U.S.C. § 2255. The district court dismissed his motion and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. United States v. Acklin, 164 F. App'x 414 (4th Cir. 2006) (unpublished Per curiam opinion). The district court dismissed his second § 2255 petition in 2012. See Pet. 2 (ECF No. 1 at 2). On December 12, 2017, Acklin filed this Petition under § 2241.

On February 28, 2018, the United States filed its first Motion to Dismiss the petition. (ECF No. 5). In support of its first motion, the government argued that Acklin could not invoke the "savings clause" in § 2255(e) because he could not satisfy the test set out in In re Jones, 226 F.3d 328 (4th Cir. 2000). Mem. Supp. Mot. Dismiss 2-3, Feb. 28, 2018 (ECF No. 6 at 2-3). One month after the government filed its Motion, the Fourth Circuit decided United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), which appeared to expand the availability of § 2241 as an avenue for federal prisoners to challenge the legality of their sentences. The court stayed the proceedings on Acklin's petition pending review of the panel decision in Wheeler by either the Fourth Circuit en banc or the Supreme Court on writ of certiorari. Order, May 30, 2018 (ECF No. 12).

The Fourth Circuit ultimately denied the petition for rehearing en banc. United States v. Wheeler, 734 F. App'x 892 (4th Cir. 2018). This court then lifted the stay and directed the

Respondent to file a new response "articulating its position in light of ... Wheeler." Order, Aug. 9, 2018 (ECF No. 13).[1] Respondent timely filed the instant Motion to Dismiss, renewing its Roseboro warning. (ECF No. 14). Acklin responded, (ECF No. 16), and the matter is ripe for decision.

## II. Legal Standard

28 U.S.C. § 2255 provides the intended vehicle by which federal prisoners may seek to challenge their convictions or sentences by collateral attack. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (Per curiam). Only when § 2255 is "inadequate or ineffective to test the legality of ... detention" may a federal prisoner pursue relief under § 2241. Id.; § 2255(e). But § 2255 is not rendered "inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d at 333.

In re Jones recognized a narrow set of circumstances in which § 2255 would be inadequate to test the legality of a prisoner's detention. It established a three-part test for prisoners seeking habeas relief under § 2241. That provision is available if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In March of 2018, the Fourth Circuit decided Wheeler, reaffirming In re Jones but fashioning a new four-part test for prisoners seeking to invoke the § 2255 savings clause to

---

[1] The court concluded that the interest in timely resolution of Acklin's claim outweighed any benefit of awaiting possible Supreme Court review.

challenge their *sentences* under § 2241. See 886 F.3d at 429. Under this test, § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id.

The savings clause of § 2255 is a jurisdictional provision. Id. at 423. Accordingly, this court may not consider the merits of Acklin's claim but must instead dismiss his Petition unless he is able to satisfy the appropriate test. Id.

### III. Recommended Conclusions of Law

Although Jones remains good law, its three-part test is quite narrow. See Wheeler, 886 F.3d at 427. It applies *only* when a change in substantive (but non-constitutional) law renders a prisoner's prior conduct no longer criminal. See Jones, 226 F.3d at 333-34. Acklin would not be able to satisfy this test. He has identified no change in substantive law rendering the conduct for which he is incarcerated (unlawful possession of a firearm and ammunition) no longer criminal.

Wheeler expands the scope of § 2255 savings clause relief to include certain "erroneously imposed sentence[s]." 886 F.3d at 427. But it imposes its own parallel limits to ensure claims of sentencing error are funneled first to the sentencing court, which is best suited to address them. See id. at 429 (emphasizing that "prisoners may only resort to the savings clause where the other avenues for remedy in § 2255 are ineffective"). Because Acklin is challenging only the legality of his sentence, Wheeler provides the proper jurisdictional analysis. However, Acklin's claim does not satisfy the Wheeler test and this court is therefore without jurisdiction to hear it.

4

Acklin's claim fails at Wheeler's second step, which asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review." Id. at 429. Acklin premises his § 2241 challenge on the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). In Mathis, the Court stated that "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." Id. at 2251. Acklin argues that under this decision, he cannot be sentenced as an armed career criminal based on his state convictions for felonious breaking and entering and common law burglary.

Mathis, however, cannot satisfy the jurisdictional prerequisite to Acklin's § 2241 petition because it "did not announce a retroactively applicable substantive change in the law." Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018) (unpublished Per curiam opinion); see also Mathis, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); Davis v. Andrews, 727 F. App'x 782, 783 (4th Cir. 2018) (unpublished Per curiam opinion) (affirming district court's dismissal of § 2241 petition premised on Wheeler and Mathis for lack of jurisdiction); Haley v. United States, No. 2:12cr149, 2017 WL 2297022, at *3 (E.D. Va. May 24, 2017) ("[T]he United States Supreme Court explicitly stated in Mathis that it was not announcing a new rule and that its decision was dictated by decades of prior precedent."). Because Acklin has not alleged any change in substantive law made retroactive on collateral review, he may not rely on Wheeler to support his petition.

Respondent argues that even if Mathis *did* apply retroactively, it would not change the result because Acklin's state convictions would still qualify as ACCA predicate offenses. See Gov't's Mem. Support Mot. Dismiss 9-15, Aug. 29, 2018 (ECF No. 15 at 9-15). The court need not reach this issue, given the clarity on Mathis's lack of retroactive application. Furthermore,

5

because Acklin cannot satisfy every element of the Wheeler test, this court need not consider whether the sentencing error he alleges, if it existed, would be "sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429.

### IV. Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes that this court lacks jurisdiction to hear Acklin's petition for a writ of habeas corpus under 28 U.S.C. § 2241. The undersigned therefore recommends that Respondent's Motion to Dismiss (ECF No. 14) be GRANTED and that Acklin's Petition (ECF No. 1) be DISMISSED without prejudice for lack of jurisdiction.

### V. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6 (a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 19, 2018

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

> **Willard Lee Acklin**
> 22061-056
> FCI Petersburg Low
> P.O. Box 1000
> Petersburg, VA 23804

A copy of the foregoing was provided electronically this date to:

> **Kevin M. Comstock**
> United States Attorney's Office
> 101 W Main St
> Suite 8000
> Norfolk, VA 23510

Fernando Galindo, Clerk

By _____

Deputy Clerk

November 19, 2018